IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PHILLIP TERRY OTTS                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:18cv261-NBB-RP

SHERIFF LEONARD MASK, CHIEF DEPUTY
RANDY ROBERTS, TRAVIS DAVIS, III                                       DEFENDANTS

## ORDER GRANTING MOTION TO STAY

Travis Davis, III has moved to stay all proceedings in this case pending the outcome of the criminal proceedings pending against plaintiff Phillip Terry Otts in connection with the incident that gave rise to this litigation. Docket 55. The remaining defendants, Sheriff Leonard Mask and Chief Deputy Randy Roberts joined in Davis' motion. Docket 56. Plaintiff has responded to defendants' motion advising that he is opposed to a stay, but he did not provide any argument or legal authority to support his position.

The court has reviewed both the motion and response and concludes that the stay is proper. Federal courts have held for many years that state courts should be "free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (U.S. 1971). "A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its docket 'with economy of time and effort for itself, for counsel, and for litigants.'" *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 396 (S.D. Tex. May 1, 2009); citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The United States Supreme Court in *Wallace v. Kato* held:

> [i]f a plaintiff files a false-arrest claim before he has been
> convicted (or files any other claim related to rulings that will likely
> be made in a pending or anticipated criminal trial), it is within the

> power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise the civil action will proceed, absent some other bar to suit.

549 U.S. 384, 393-94(U.S. 2007); citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Consequently, this case is hereby **STAYED** pending the final disposition of the criminal charges against Phillip Terry Otts.

Counsel are directed to notify the undersigned within seven days of the conclusion of the criminal proceedings against Phillip Terry Otts in the Circuit Court of Pontotoc County, Mississippi. Further, counsel are instructed to file a status report as to the criminal proceedings on January 3, 2020 and every three months thereafter.

SO ORDERED, this the 3rd day of October, 2019.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE